UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN FLOYD CAREY, SR.** | : | **CIVIL ACTION NO. 2:15-cv-18**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **B. CLAY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *habeas corpus* petition filed in *forma pauperis* by *pro se* plaintiff John Floyd Carey, Sr. on January 5, 2015. At the time plaintiff filed this complaint, he was an inmate at the Federal Correctional Institute, Oakdale, Louisiana. Doc. 1.

Along with his petition, plaintiff filed a deficient Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2. The court issued a Memorandum Order informing plaintiff of the deficiencies and giving him thirty (30) days to correct the pleading. Doc. 4. On January 20, 2015, plaintiff filed another deficient Motion for Leave to Proceed *In Forma Pauperis.* Doc. 6. On January 22, 2015 the clerk's office sent plaintiff a letter stating that the pleading was still deficient. Doc. 6.

On February 5, 2015 plaintiff filed a Motion to Stay his petition claiming that he was currently housed in the Special Housing Unit (SHU) and unable to properly address the deficiencies. Doc. 7. By electronic order dated February 19, 2015, this court granted plaintiff's Motion to Stay and instructed him "to contact the court by mail immediately upon his release from SHU so that the stay can be lifted and this matter can proceed." Doc. 9.

A review of the Federal Bureau of Prisons website shows that plaintiff has been transferred to the Federal Correctional Institute, Beaumont, Texas and has failed to inform the court of this transfer and his release from SHU.[1]

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order ..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  Plaintiff has failed to comply with this court's  February 19, 2015 order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's *habeas corpus* petition be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[1] Federal Bureau of Prisons, http://www.bop.gov/inmateloc/ (last visited June 10, 2015).

**conclusions accepted by the District Court, except upon grounds of plain error.** *See,*
*Douglass v. United Services Automobile Association*, **79 F.3d 1415** (**5th Cir. 1996.**

      THUS DONE this 18th day of June, 2015.

                                                _____
                                                KATHLEEN KAY
                                       UNITED STATES MAGISTRATE JUDGE